IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIMBERLY HEMPHILL       :
                              :
   v.                     :        CIVIL NO. L-00-1616
                              :
JAMES V. ALUISI, et al.       :
                              :

MEMORANDUM

    In 1998, plaintiff Kimberly Hemphill, the apparent victim of identity theft, was arrested and imprisoned for more than two days in a Virginia prison, and then, following a transfer to Prince George's County, for nearly four hours in a Prince George's County detention center. Hemphill's incarceration was very unfortunate; her initial arrest resulted from a case of mistaken identity while the slow grinding bureaucratic machinery lengthened her period of detention. Eventually, after her claims of innocence were verified, Hemphill was released by Prince George's County authorities. Prior to her release, however, Hemphill was asked to sign a release/waiver.[1]

    Hemphill originally filed a complaint alleging several claims against multiple parties. Hemphill decided not to pursue many of her original claims, focusing, in her Second Amended Complaint, on two claims against James Aluisi (the former Sheriff

---

[1] The waiver purported to release the State of Maryland, the Sheriff, and the Sheriff's employees of any liability in connection with Hemphill's arrest and detention.

1



of Prince George's County) and Alonzo Black (the current Sheriff of Prince George's County): (i) that her constitutional rights were initially violated by the wrongful arrest, and subsequently violated when she was asked to sign the waiver; and (ii) that her state constitutional due process rights were violated by the arrest (which lacked probable cause) and the policy under which she was asked to waive her rights prior to her release.

The defendants filed a Motion to Dismiss Second Amended Complaint, or in the Alternative for Summary Judgment. Hemphill filed a brief memorandum in opposition to defendants' motion.

Ordinarily, a Complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim which entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). The liberal pleading requirements of Rule 8(a) demand only a "short and plain" statement of the claim. In evaluating such a claim, the Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969). In essence, the legal theory articulated, or even suggested, by the non-moving party must be one that could not be the basis for a ruling in that party's favor.

At this stage, the factual and legal record is insufficient for the Court to analyze the merits of Hemphill's claim. The Court will, by separate Order, DENY defendants' Motion to Dismiss without prejudice to filing a motion for summary judgment on the same grounds. The Court will require the parties to complete the factual and legal record. Both parties will have leave to file motions for summary judgment once the record is complete.

Dated this 16TH day of March, 2001.

                                              Benson Everett Legg
                                              United States District Judge